UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

TG PLASTICS TRADING, CO., d/b/a : 
NATIONAL PLASTICS TRADING, :
CO. :
 :
      v. : C.A. No. 09-336S
 :
TORAY PLASTICS :

**MEMORANDUM AND ORDER**

Pending before me for determination (28 U.S.C. § 636(b)(1)(A); LR Cv 72) is Plaintiff's Motion to Compel Responses to its First Set of Requests for Production of Documents. (Document No. 13). Defendant opposes the Motion. (Document No. 14). A hearing was held on March 10, 2010. For the reasons discussed below, Plaintiff's Motion is DENIED.

**Background**

In October 2007, the parties entered into a Settlement Agreement which resolved the claims and counterclaims asserted by them in the case of <u>Toray Plastics (America), Inc. v. TG Plastics Trading Co., Inc. d/b/a Nat'l Plastics Trading Co., et al.</u>, C.A. No. 06-219ML (D.R.I.). On July 29, 2009, Plaintiff initiated this action alleging that Defendant had breached the Settlement Agreement by (1) refusing or failing to exclusively sell to it "one hundred percent (100%) of all scrap plastic, other scrap, second quality materials, downgraded materials, recyclable materials not reused internally and aged film;" and (2) failing to comply with Plaintiff's request for the documentation necessary to conduct an audit pursuant to the terms of the Settlement Agreement. (Document No. 1). Although highly detailed in many respects, the Settlement Agreement does not specifically define the scope of the terms "scrap plastic, other scrap, second quality materials, downgraded

materials, recyclable materials not reused internally and aged film." The Settlement Agreement also fails to define the permissible scope of the annual audit provided for by the Agreement. For purposes of resolving this discovery dispute, however, it is reasonable to conclude that the audit was intended, exclusively or in large part, to provide a mechanism for Plaintiff to examine whether Defendant was living up to its exclusive sales promise. In other words, the purpose of the audit is to determine if Defendant is selling materials to others that it promised to sell to Plaintiff.

**Discussion**

The scope of discovery is governed by Fed. R. Civ. P. 26(b)(1) which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. In addition, the scope of discovery is subject to the limitations set forth in Fed. R. Civ. P. 26(b)(2)(C) such as proportionality and duplication.

Plaintiff's Motion to Compel challenges the sufficiency of Defendant's responses to each of its nineteen document requests as "wholly inadequate." (Document No. 13 at p. 5). Defendant objected to each of the nineteen requests primarily alleging that they seek "documents and information that are irrelevant, beyond the scope of the Settlement Agreement, overly broad in scope and time frame, and otherwise [are] beyond the scope of permissible discovery in this case."[1] (Document No. 13-3).

---

[1] Defendant also appears to assert that the documents contain confidential or proprietary business information. At the hearing, however, counsel represented that the parties had already entered into an appropriate confidentiality agreement. See Document No. 16-3.

Unfortunately, although each of its nineteen requests seeks distinct business and/or financial information, Plaintiff did not organize its Motion to Compel as required by Local Rule Cv 37(a) which generally requires that the motion state each request, the response made, if any, and the reason why the movant maintains that each response is inadequate.  Instead, Plaintiff groups all of the requests together and argues generally that its requests are not irrelevant, overbroad, or beyond the scope of the Settlement Agreement but rather are narrowly tailored to permit it to properly conduct an audit as provided for in the Settlement Agreement.  (Document No. 13 at p. 7).  In support, Plaintiff submits a brief, conclusory affidavit from its retained C.P.A. who offers her opinion without explanation that the requested documents "are necessary to the conduct of an audit...for verification of [Defendant's] compliance with the Settlement Agreement." (Document No. 16-2, ¶ 4).  Plaintiff further contends that Defendant's failure to offer its own C.P.A. opinion or provide evidence beyond the arguments of counsel that the documents produced thus far by Defendant are sufficient should "alone...be enough to decide the matter."  (Document No. 16 at p. 7).

Defendant argues that its objections are well-founded because Plaintiff's requests seek "virtually every paper and electronic document related to [its] finances for its entire business operations from 2007 to 2009" while the sale of the "scrap and similar materials" covered by the Settlement Agreement constitutes less than 1% of gross sales for those years.  (Document No. 14 at p. 2).  Defendant also contends that it has already provided "voluminous documents" to Plaintiff which are sufficient for it to conduct an audit as envisioned by the Settlement Agreement. (Document No. 14 at pp. 2, 5-6).

In the context of this Motion to Compel brought pursuant to Fed. R Civ. P. 37, the issue before me is not whether the documents requested by Plaintiff are necessary and appropriate in order to allow its C.P.A. to conduct an audit pursuant to the Settlement Agreement.  Rather, the initial issue is whether the documents sought by Plaintiff are relevant within the meaning of Fed. R. Civ. P. 26(b)(1) to its claims that Defendant breached the Settlement Agreement by failing (1) to honor the exclusive sales agreement; and (2) to comply with the reasonable request for documentation necessary to conduct an audit.  "The party seeking information in discovery over an adversary's objection has the burden of showing its relevance."  Caouette v. Officemax, Inc., 352 F. Supp. 2d 134, 136 (D.N.H. 2005); see also Karl v. Bizar, C.A. No. 2:09-CV-34, 2009 WL 3418676 at *3 (S.D. Ohio Oct. 19, 2009) ("The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant.").

Plaintiff has failed to meet that initial burden at this time.  The Affidavit of Plaintiff's expert tells me nothing more than that she is a C.P.A. and holds the opinion that all of the documents requested by Plaintiff are necessary to conduct an audit to verify Defendant's compliance with the Settlement Agreement.  Plaintiff invites me to accept this conclusory opinion and argues that it "alone should be enough to decide the matter."  (Document No. 16 at p. 7).  I disagree.

Plaintiff's initial burden of establishing relevance requires it to do more.  Plaintiff does not individually discuss its document requests and explain how each seeks relevant information or may lead to the discovery of admissible evidence.  Again, under Fed. R. Civ. P. 26(b)(1), the focus is on the claims made by Plaintiff which are (1) breach of the exclusive sales promise; and (2) failure to provide documents necessary to complete the audit.  The first claim would reasonably appear to

require an analysis of sales and inventory data to determine whether Defendant has sold or transferred materials to others that it promised to sell to Plaintiff during the period covered by the Settlement Agreement. The second claim would reasonably appear to require an analysis of what documents and information Defendant provided for purposes of the audit and expert analysis as to its sufficiency.

Plaintiff has presently failed to establish the specific relevance of each of its nineteen requests to its claims in this case. For instance, rather than offering a conclusory opinion as to need for audit purposes, Plaintiff's retained C.P.A. could have specifically explained how the data requested in each of the nineteen requests would assist in her effort to verify Defendant's compliance with the exclusive sales agreement. Without such explanation, I am forced to review Plaintiff's nineteen requests in a vacuum and, doing so, many of the requests on their face strike me as overly broad and not narrowly tailored to the disputes at hand in this case.

**Conclusion**

In summary, I conclude that, at this time, Plaintiff has not met its initial burden of establishing that the documents sought in its nineteen broad document requests are relevant to the specific claims brought in this case and thus its Motion to Compel is DENIED. While Defendant has won this battle, the war rages on, and Plaintiff will continue its discovery efforts in this case as it is entitled to obtain relevant discovery from Defendant. Defendant's apparent effort to limit discovery to a review of the sale of what it defines as "scrap and similar materials" is self-serving and begs the question.[2] After listening to counsel argue the instant Motion, it is apparent that the

---

[2] For instance, in a prelitigation letter from Defendant's counsel to Plaintiff's counsel regarding the scope of audit, Defendant's counsel indicated that the documents requested by Plaintiff's C.P.A. were overly broad, irrelevant and burdensome, but that Defendant was prepared to produce "documents and/or reports that would be relevant to the sales activity and sales revenue of film products that are covered under the Settlement Agreement." (Document No.

operative dispute in this case is the parties' differing interpretations of the definition of "scrap plastic, other scrap, second quality materials, downgraded materials, recyclable materials not reused internally and aged film." These are not specifically defined terms in the Settlement Agreement, and each side apparently has its own definition.

Thus, in order for Plaintiff to properly present and prosecute its claims, it would reasonably appear to need discovery as to the materials Defendant sold or transferred to entitles other than Plaintiff, and then the parties can argue about whether that data shows any breach of the exclusive sales agreement. In other words, did Defendant sell materials to others that were covered by the exclusive sales agreement with Plaintiff? However, consistent with the limitations provided in Fed. R. Civ. P. 26(b)(2)(C), I suspect (perhaps incorrectly so) that since the Settlement Agreement seems to focus on other than first-quality product (i.e., scrap, recyclable, downgraded, aged and second quality), there may be categories of sales or customers who the parties could agree to exclude from production by Defendant.

Although Plaintiff's present Motion to Compel is DENIED, the Court invokes its inherent case management powers under Fed. R. Civ. P. 26 to ORDER counsel for the parties to meet and confer in good faith regarding the appropriate scope of document discovery in this matter. In doing so, counsel shall be guided by the specific claims and defenses made by the parties in this case, the scope of discovery allowed under Fed. R. Civ. P. 26(b)(1) and the limitations set forth in Fed. R. Civ. P. 26(b)(2)(C). Such meeting shall take place within fourteen (14) days of the date of this ORDER or at any other mutually agreeable date, provided that Plaintiff shall not serve an additional set of new or revised document requests or seek leave to renew its Motion to Compel as to some or

---

14-5). Since the scope of what constituted film products covered under the Settlement Agreement is the gist of the dispute, such an offer would, of course, ring hollow with Plaintiff.

all of the requests presently before the Court until such meeting has taken place and the parties have been unable, in good faith, to agree on an appropriate scope of document discovery.

SO ORDERED


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 11, 2010