UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| T G PLASTICS TRADING CO., INC.,<br>d/b/a NATIONAL PLASTICS TRADING CO.,<br>Plaintiff,<br><br>v.<br><br>TORAY PLASTICS (AMERICA), INC.,<br>Defendant. | C. A. No. 09-336-M |

## OPINION AND ORDER

JOHN J. McCONNELL, JR., United States District Judge.

Plaintiff T G Plastics Trading Co., Inc. ("TG Plastics") moves pursuant to Rule 15 of the Federal Rules of Civil Procedure for leave to amend its complaint to add three counts – breach of fiduciary duty, tortious interference with contractual relationship, and tortious interference with prospective business advantage – and a jury demand. Defendant Toray Plastics (America), Inc. ("Toray") opposes the motion, primarily on the grounds that the motion is untimely and, if permitted, will expand the scope of the case and further delay discovery.

Rule 15(a)(2) directs courts to "freely give leave when justice so requires." While there is a liberal amendment policy, leave is not granted in all cases. *See Invest Almaz v. Temple-Inland Forest Prods. Corp.*, 243 F.3d 57, 71 (1st Cir. 2001). District courts within the First Circuit may deny a motion to amend where there is undue delay on the part of the movant or undue prejudice to the opposing party if the amendment is allowed. *Torres-Alamo v. Puerto-Rico*, 502 F.3d 20, 25-26 (1st Cir. 2007); *Acosta-Mestre v. Hilton Int'l of Puerto Rico, Inc.*, 156 F.3d 49, 51 (1st Cir. 1998). If considerable time has passed between the filing of the complaint

and the motion to amend, then the movant bears the burden of demonstrating a valid reason for the neglect and delay. *Acosta-Mestre*, 156 F.3d at 52 (*quoting Stepanischen v. Mercs. Despatch Transp. Corp.*, 722 F.2d 922, 933 (1st Cir. 1983)).

Although this case was filed in July 2009, the parties represent that during much of the last two years their focus has been on resolving the matter as opposed to litigating it. TG Plastics argues, and this Court agrees, that the emphasis on settlement provides a valid reason for TG Plastics' delay in seeking leave to amend. While Toray objects, it has not shown how it will be unfairly prejudiced if this Court permits amendment of the complaint.

In regard to TG Plastics' jury demand, district courts within the First Circuit look to a variety of factors when assessing whether to permit untimely demands pursuant to Rule 39(b) of the Federal Rules of Civil procedure, including: prejudice to the objecting party; delays; and whether factual matters will be understood by the jury. *Rivera-Rosa v. Citibank, N.A.*, 549 F.Supp.2d 155, 157 (D.P.R. 2007). TG Plastics argues that the jury will be able to grasp the facts of the business dispute at issue and Toray will not be prejudiced. In addition, TG Plastics emphasizes the strong federal policy favoring jury trials. Toray counters that the complex business and accounting issues are better suited to judicial determination. This Court does not see factual issues beyond a jury's comprehension, nor does it see prejudice to Toray if the facts are found by a jury instead of a judge.

Though somewhat troubled by the timing of the motion and cognizant that the discovery period may need to be extended, this Court finds that the parties' settlement efforts explicate some of TG Plastics' delay and further finds that amendment of the complaint, including the addition of the jury demand, will not unfairly prejudice Toray. Plaintiff's Motion to Amend is therefore GRANTED.

IT IS SO ORDERED:

/s/ John J. McConnell, Jr.
John J. McConnell, Jr.
United States District Judge
Date: July 25, 2011