UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

TG PLASTICS TRADING CO., INC., :
d/b/a NATIONAL PLASTICS :
TRADING CO. :
 :
    v. : C.A. No. 09-336M
 :
TORAY PLASTICS (AMERICA), :
INC. :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

    Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B), LR Cv 72(a)) is Plaintiff's Motion to Dismiss Counts I, V, VI, VII and VIII (Partial) of Defendant's Counterclaim. (Document No. 78). Defendant opposes the Motion. (Document No. 86). A hearing was held on March 9, 2012. For the following reasons, I recommend that Plaintiff's Motion to Dismiss be GRANTED as to Count VII and otherwise DENIED.

    This case is part of an ongoing commercial dispute between Toray, a major international manufacturer and supplier of plastic film, and National Plastics, a company which buys scrap plastic for recycling/resale purposes. A prior litigation (Toray v. National Plastics, C.A. No. 06-219ML) was settled in 2007 pursuant to an agreement which, in part, established a long-term, exclusive "business relationship" between the parties for the purchase and sale of certain scrap plastic and other, in my words, "excess-type" product. In this case, National Plastics alleges, inter alia, that Toray breached the exclusive sales and audit provisions of the 2007 Settlement Agreement. Toray has counterclaimed alleging, inter alia, that National Plastics has failed to make certain payments

to it and failed to use best efforts to maximize pricing as required by the 2007 Settlement Agreement.

**Discussion**

**A.    Dismissal Standard**

Plaintiff moves for partial dismissal of Defendant's Counterclaim under Rule 12(b)(6), Fed. R. Civ. P.  Under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, see Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994); taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, see Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002); Carreiro v. Rhodes Gill & Co., 68 F.3d 1443, 1446 (1st Cir. 1995).  If under any theory the allegations are sufficient to state a cause of action in accordance with the law, the motion to dismiss must be denied.  Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994).

While a plaintiff need not plead factual allegations in great detail, the allegations must be sufficiently precise to raise a right to relief beyond mere speculation.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) (abrogating the "no set of facts" rule of Conley v. Gibson, 355 U.S. 41, 44-45 (1957)).  "The complaint must allege 'a plausible entitlement to relief' in order to survive a motion to dismiss." Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (quoting Twombly, 550 U.S. at 559).  See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 ("when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief"). The Court of Appeals has cautioned that the "plausibility" requirement is not akin to a "standard of likely success on the merits," but instead, "the standard is plausibility assuming the pleaded facts to be true and read in a plaintiff's favor."  Sepulveda-

Villarini v. Dep't of Educ. of Puerto Rico, Nos. 08-2283, 09-1801, 2010 WL 5093220, *4 (1st Cir. Dec. 10, 2010).

### B. Counts I and V (Breach of Contract)

In Counts I and V of its Counterclaim, Defendant alleges breach of the 2007 Settlement Agreement. In Count I, Defendant alleges that Plaintiff has failed to pay it as required by Section I(F) of the Settlement Agreement; and in Count V, it alleges that Plaintiff has failed to remove Defendant's products and materials from its facility in a timely manner in breach of the Agreement.

Plaintiff moves to dismiss these counterclaims based on the parol evidence rule. In particular, it argues that the Settlement Agreement is a fully integrated contract and that Defendant's counterclaims in Counts I and V improperly "attempt[ ] to add new and contradictory terms to the Settlement Agreement." (Document No. 78, pp. 5-6). Defendant counters that it has pled plausible breach of contract claims based on the terms of the Settlement Agreement and that Plaintiff is "not entitled to a Rule 12(b)(6) dismissal simply because it disagrees with [Defendant's] interpretation of the Settlement Agreement." (Document No. 86, p. 4).

"When a contract is <u>clear and unambiguous</u>, 'the parol evidence rule...bars evidence of a previous or contemporaneous oral promise extrinsic to an integrated contract that would purport to contradict or modify the express terms of the written contract." Samos v. 43 East Realty Corp., 811 A.2d 642, 643 (R.I. 2002) (emphasis added) (quoting Egidio DiPardo & Sons, Inc. v. Lauzon, 708 A.2d 165, 176 (R.I. 1998)). Here, the parties agree that the Settlement Agreement is ambiguous at least in certain respects and hotly dispute the interpretation of many provisions of the Settlement Agreement.

Count I arises out of Section I(F) of the Settlement Agreement which provides, in part, that "[i]n order to insure that Toray is receiving competitive market pricing, National Plastics will work on a straight twelve percent (12%) of all sales generated by National Plastics." The parties dispute the meaning and application of this language. Plaintiff takes a narrow view and apparently contends that the language entitles it to a 12% commission regardless of whether the resale price equals or exceeds Defendant's invoiced price to it. Defendant takes a broader view and argues that such an interpretation makes no business sense when considered in the context of the entire "business relationship" created by the Settlement Agreement including the provisions in Section I(E) which relates Defendant's pricing to Plaintiff on "market conditions and competitive bidding" and requires Plaintiff to "make its best efforts to maximize [resale] pricing."

At this stage of this case and construing the Counterclaim and Settlement Agreement in a light most favorable to Defendant as required in considering a Motion under Rule 12(b)(6), Defendant has sufficiently stated at least a "plausible" breach of contract claim in Count I. Unfortunately, the language in Section I(F) is thin, if not ambiguous, as to this 12% issue and will likely require the Court to consider extrinsic evidence to ascertain its meaning. Section I(F) does not plainly articulate the specific formula to arrive at the 12% profit margin or commission. Similarly, Defendant has sufficiently stated a plausible breach of contract claim in Count V regarding Plaintiff's alleged failure to remove product from Defendant's facility in a timely manner. The Settlement Agreement, by its terms, creates a "long term business relationship" between the parties and, in Section I(M), requires the parties to "fully cooperate to facilitate" such relationship. Section I(F) provides that "handling of all materials shall take place at Toray" and "[t]railers shall be direct loaded at Toray for outbound shipment." Again, the Court will likely have to look to

extrinsic or course-of-dealing evidence to get to the bottom of this issue. Thus, I recommend that Plaintiff's Motion to Dismiss Counts I and V of Defendant's Counterclaim be DENIED.[1]

### C. Count VI (Breach of the Covenant of Good Faith and Fair Dealing)

In Count VI of its Counterclaim, Defendant alleges that the Settlement Agreement carried with it an implied covenant of good faith and fair dealing between the parties, which required Plaintiff to use best efforts to fulfill the obligations imposed by the Settlement Agreement and that Plaintiff's actions breached such covenant. Plaintiff moves to dismiss this Counterclaim arguing that Rhode Island law does not recognize a "tort-based" claim for breach of the duty of good faith and fair dealing and that concepts of "good faith" cannot be used to change the terms of an integrated contract.[2]

As with its breach of contract claims, Defendant has sufficiently stated a plausible claim for breach of the covenant of good faith and fair dealing. Under Rhode Island law, "virtually every contract contains an implied covenant of good faith and fair dealing between the parties." Dovenmuehle Mortg., Inc. v. Antonelli, 790 A.2d 1113 (R.I. 2002). Contrary to Plaintiff's argument, "[c]laims for breach of the covenant of good faith sound in contract, not in tort." Hord Corp. v. Polymer Research Corp. of Am., 275 F. Supp. 2d 229, 237 (D.R.I. 2003). "The covenant of good faith is regarded as a counterpromise that the promisee will act in a manner consistent with the purposes of the contract." Id. While not every breach of contract involves a breach of the

---

[1] Plaintiff also moves for partial dismissal of Count VIII (specific performance) as it relates to Counts I and V. Since Count VIII is effectively part of Defendant's prayer for relief in the event it prevails on any or all of its claims, Plaintiff has shown no basis at this juncture for partial dismissal of Count VIII, particularly in light of my conclusion that Defendant has stated plausible claims for relief in Counts I and V.

[2] Despite its legal attack on Count VI, Plaintiff recently sought leave to amend to add its own claim of breach of the covenant of good faith and fair dealing. (Document No. 92).

covenant of good faith and fair dealing, the claims are generally plead in parallel since every breach of the covenant implicates a breach of contract. Id. (citing Ross-Simons of Warwick, Inc. v. Baccarat Inc., 66 F. Supp. 2d 317, 330 (D.R.I. 1999)).

At this stage of the case and construing the Counterclaim and Settlement Agreement in a light most favorable to Defendant as required in considering a motion under Rule 12(b)(6), Defendant has sufficiently stated at least a "plausible" breach of the covenant of good faith and fair dealing claim in Count VI.

### D. Count VII (Unjust Enrichment/Quantum Meruit)

In Count VII of its Counterclaim, Defendant alleges it provided product to Plaintiff in accordance with the Settlement Agreement pursuant to which Plaintiff was to pay Defendant. Defendant alleges that it has not been paid the "full value" and argues that it would be inequitable for Plaintiff to retain the benefit of such product without payment of the reasonable value to Defendant.

Plaintiff seeks dismissal of this Counterclaim because a valid and binding contract controls the subject of this unjust enrichment claim, i.e., the payment terms. Defendant counters that dismissal is inappropriate because Rule 8(d)(2), Fed. R. Civ. P., allows it to plead alternative grounds for relief.

While Defendant is technically correct as a general matter, this case is not in its preliminary stages, and Defendant should be able to elect its remedies. See, e.g., Hasbro, Inc. v. Mikohn Gaming Corp., C.A. No. 05-106S, 2006 WL 2035501 at **8-9 (D.R.I. July 18, 2006). This case is approaching its third anniversary, and discovery is reaching its conclusion. To date, neither party has argued that the Settlement Agreement is not a valid and binding contract or that it does not cover

the payment issues in dispute. In fact, Defendant has specifically alleged breach of the payment terms in its Counterclaim. While alternative pleading is permissible, it is time at this late stage of the case for the parties to elect and focus upon their true claims for relief. See Hasbro, Inc. v. Mikohn Gaming Corp., 491 F. Supp. 2d 256, 264 (D.R.I. 2007) ("[u]njust enrichment, like other quasi-contractual remedies, is a vehicle for equitable recovery where no rights on an enforceable contract exist."). If Defendant loses the battle as to its interpretation of the payment provisions of the Settlement Agreement, it is stuck with that ruling and cannot seek to end-run an enforceable contract with an unjust enrichment claim. Thus, I recommend that Plaintiff's Motion to Dismiss Count VII of Defendant's Counterclaim be GRANTED.

**Conclusion**

For the foregoing reasons, I recommend that Plaintiff's Motion to Dismiss Counts I, V, VI, VII and VIII (Partial) of Defendant's Counterclaim (Document No. 78) be GRANTED as to Count VII and otherwise DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 21, 2012