UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

TG PLASTICS TRADING, CO., d/b/a :
NATIONAL PLASTICS TRADING, :
CO. :
 :
           v. : C.A. No. 09-336M
 :
TORAY PLASTICS (AMERICA), INC. :

## MEMORANDUM AND ORDER

Defendant moves to strike the deposition errata sheet of Wasyl (Bill) Mikolenko, Plaintiff's plastic film industry expert.  (Document No. 155).  Plaintiff objects.  (Document No. 165).  Both sides have thoroughly briefed the issue and thus oral argument is not necessary.

### Background

This case arises out of a Settlement Agreement and a dispute regarding the meaning of the terms "scrap plastic, other scrap, second quality materials, recyclable materials not reused internally and aged film" contained in such Agreement.  Mr. Mikolenko authored an expert report dated August 24, 2012 in which he opines as to five approaches to identify materials covered by the Settlement Agreement.  He also opined as to one of these approaches (price differential) that six months is a "reasonable time frame within which to measure price differentials."

Mr. Mikolenko was deposed by Defendant's counsel on November 5, 2012.  At the conclusion of his examination, counsel suspended but did not conclude the deposition because of a claimed expert disclosure deficiency which is the subject of another Motion.  (See Document No. 149).  Plaintiff's counsel took the opportunity to examine Mr. Mikolenko at the deposition briefly to bolster and/or clarify certain of his conclusions and his qualifications.

The transcript was issued on November 12, 2012 and, on December 11, 2012, an errata sheet signed by Mr. Mikolenko was issued. Mr. Mikolenko identified seventeen changes to his testimony. Five of the revisions address minor "typos" or "transcript errors" and are not challenged by Defendant. The other twelve changes are challenged by Defendant. These changes are all substantive, and the reasons given include "mistake," "misspoke," "clarification," "incomplete," and "correction." (Document No. 155-1).

**Discussion**

Rule 30(e)(1), Fed. R. Civ. P., provides as follows:

> On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> (A) to review the transcript or recording; and
>
> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Defendant contends that the proposed revisions "completely reinvent" Mr. Mikolenko's testimony and that many of the answers sought to be changed were "'I don't know,' 'I don't remember,' or 'I'm not sure,' which had the effect of limiting or preventing" follow-up questioning on important topics. (Document No. 155 at p. 6). Plaintiff counters that Rule 30(e) expressly allows changes in "substance" and that Defendant may cross-examine Mr. Mikolenko at trial if it believes that his corrections are "improper." (Document No. 165 at p. 14).

Although Defendant is careful not to cite to Greenway v. Int'l Paper Co., 144 F.R.D. 322, 325 (W.D. La. 1992), since it has previously been rejected by this Court, its argument largely parallels the rationale in Greenway. In Greenway, the court stated that a deposition was "not a take home examination" and rejected a plaintiff's attempt to make sixty-four substantive corrections to

her deposition.  Although some courts have followed <u>Greenway</u>, the majority have not and have held

that Rule 30(e) expressly allows changes in both "form or substance."  <u>See</u> <u>Bennett v. Kent Cnty.</u>

<u>Mem'l Hosp.</u>, C.A. No. 07-163ML, 2009 WL 101851 (D.R.I. Jan. 14, 2009); <u>Purdee v. Pilot Travel</u>

<u>Ctrs., LLC</u>, No. CV407-028, 2007 WL 3143716 at *1 (S.D. Ga. Oct. 23, 2007) ("no merit to

defendant's contention that a deponent cannot make substantive changes to her testimony by way

of Rule 30(e) errata corrections"); and <u>Glenwood Farms, Inc. v. Ivey</u>, 229 F.R.D. 34, 35 (D. Me.

2005) ("A substantial body of case law holds that, so long as the deponent gives reasons for changes

or additions to his deposition testimony under the terms of Rule 30(e) and the original testimony

remains in the transcript, no action by the court is indicated.").

Defendant contends that its Motion to Strike is supported by Judge Torres' decision in <u>Crowe</u>

<u>v. Marchand</u>, No. 05-98T, 2006 WL 5230014 at *1 (D.R.I. Aug. 17, 2006).  In <u>Crowe</u>, Judge Torres

granted a motion to strike an errata sheet of a plaintiff's expert in a medical malpractice action

noting that "the purpose of an errata sheet is to correct alleged inaccuracies in what the deponent

said at his deposition, not to modify what the deponent said for tactical reasons or to reflect what

he wishes that he had said."  (emphasis omitted).  <u>Id.</u>  He also granted the motion because the errata

sheet violated the procedural requirements of Rule 30(e) in that it was untimely and did not include

the deponent's "reasons" for the changes.  <u>Id.</u>  The holding in <u>Crowe</u> is distinguishable and thus not

controlling.   In addition to being based primarily on procedural deficiencies, the deponent's

proposed changes in <u>Crowe</u> were plainly tactical and intended to remedy a legal deficiency.  Shortly

after the expert's deposition, the defendants moved in limine to preclude plaintiff's expert from

offering any opinions at trial which he characterized as "guesstimates" and were not held by him to

a reasonable degree of medical certainty as required by Rhode Island law.  <u>Crowe</u>, Document No.

85 at pp. 5-6.  Thereafter, the expert signed an errata sheet which included several requests to change his use of the word "guesstimate" to the phrase "clinical approximation based on a reasonable degree of medical certainty."  <u>Id.</u> at Document No. 91-2.  As accurately noted by Judge Torres, this was a blatant attempt to change a deponent's testimony for "tactical reasons," and striking the errata sheet was warranted.

In this case, Mr. Mikolenko's errata sheet meets the procedural requirements of Rule 30(e) and is not a tactical attempt to rewrite his deposition testimony to address a legal deficiency.  Applying the majority line of cases which follows the plain meaning of Rule 30(e)'s allowance of "changes in form or substance," there is no basis to strike the portions of Mr. Mikolenko's errata sheet challenged by Defendant.  Although Mr. Mikolenko seeks to contradict or substantially revise several of his original responses, there is no basis to conclude that the changes were made in bad faith or otherwise in violation of Rule 30(e).  <u>See</u> <u>Reilly v. TXU Corp.</u>, 230 F.R.D. 486, 490 (N.D. Tex. 2005) (Rule 30(e) "makes provision for changes in substance that are made for legitimate reasons, such as to correct a misstatement or honest mistake.").  However, it is apparent from reviewing the deposition transcript that Mr. Mikolenko's poor recall and/or inadequate preparation had the effect of truncating the ability of Defendant's counsel to fully probe the basis for some of his expert opinions.  For instance, when asked if he had anything to do with establishing the six-month period disclosed in his expert report, Mr. Mikolenko testified, "I'm not sure.  I don't recall" and "I don't know."  He now proposes to change his responses as follows:

> I established the use of 6 month windows to analyze the data.  I agree that the windows used to apply the price differential analysis is appropriate and consistent the with general understanding within the industry that the existence of a significant price discount is considered with respect prices paid within 6 months of the comparative sale.

-4-

Obviously, if he had provided this more substantive response at the deposition, it would likely have triggered additional follow-up questions from Defendant's counsel and thus the deposition (as changed by the errata sheet) is "incomplete or useless without further testimony." Tingley Sys., Inc. v. CSC Consulting, Inc., 152 F. Supp. 2d 95, 120 (D. Mass. 2001) (discussing standard for reopening a deposition due to errata changes to testimony). Thus, a reconvening of Mr. Mikolenko's deposition is necessary to give Defendant a full and fair opportunity to examine Mr. Mikolenko regarding the substance of his changes to his original testimony and, since such additional deposition is necessary solely due to Mr. Mikolenko's poor memory and/or inadequate preparation, Plaintiff shall bear all fees and expenses of Mr. Mikolenko's travel, preparation and appearance in this District for further deposition questioning. Both the original deposition answers, changes and second deposition will remain part of the record and available to Defendant for cross-examination of Mr. Mikolenko. See Elwell v. Conair, Inc., 145 F. Supp. 2d 79, 87-88 (D. Me. 2001).

**Conclusion**

For the foregoing reasons, Defendant's Motion to Strike the Deposition Errata Sheet of Wasyl (Bill) Mikolenko (Document No. 155) is DENIED conditioned on Plaintiff producing Mr. Mikolenko at its expense in this District within thirty (30) days for further deposition regarding the changes to his testimony contained in the errata sheet and reasonable follow-up examination.


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 28, 2013