UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

TG PLASTICS TRADING, CO., d/b/a :
NATIONAL PLASTICS TRADING, :
CO. :
 :
      v. : C.A. No. 09-336M
 :
TORAY PLASTICS (AMERICA), INC. :

**MEMORANDUM AND ORDER**

Pending before me for determination (28 U.S.C. § 636(b)(1)(A); LR Cv 72) are three motions filed by Defendant challenging Plaintiff's disclosures regarding its claimed damages in this case. The first is a Motion to Exclude Evidence which seeks "to preclude [Plaintiff] from presenting any evidence at trial relating to any damages calculation." (Document No. 135 at p. 15). The second is a Motion to Compel Production of Withheld Documents Relating to Plaintiff's Plastics Industry Expert, Wasyl (Bill) Mikolenko. (Document No. 149). The third is a similar motion to compel relating to Plaintiff's accounting expert, Catherine Parente. (Document No. 152). Plaintiff opposes the Motions. Hearings were held on December 3, 2012 and January 11, 2013

**Background**

In October 2007, the parties entered into a Settlement Agreement which resolved the claims and counterclaims asserted by them in the case of Toray Plastics (America), Inc. v. TG Plastics Trading Co., Inc. d/b/a Nat'l Plastics Trading Co., et al., C.A. No. 06-219ML (D.R.I.). On July 29, 2009, Plaintiff initiated this action alleging that Defendant had breached the Settlement Agreement by (1) refusing or failing to exclusively sell to it "one hundred percent (100%) of all scrap plastic, other scrap, second quality materials, downgraded materials, recyclable materials not reused

internally and aged film;" and (2) failing to comply with Plaintiff's request for the documentation necessary to conduct an audit pursuant to the terms of the Settlement Agreement. (Document No. 1). Although highly detailed in many respects, the Settlement Agreement does not specifically define the scope of the terms "scrap plastic, other scrap, second quality materials, downgraded materials, recyclable materials not reused internally and aged film."

During discovery, Defendant served typical discovery requests seeking information and documents regarding Plaintiff's claimed damages, the elements of such damages and the basis for calculation. Although it provided an initial damages estimate in 2010 of approximately $720,000.00, Plaintiff indicated that a final damages calculation would require "discovery, investigation and expert analysis." (Document No. 135-2 at p. 9). It later disclosed that "[a] damages expert will be retained to calculate the damages resulting from the various claims in this action." (Document No. 135-3 at p. 12). Plaintiff further disclosed that it would "supplement its responses at an appropriate time, and will provide expert reports at the appropriate time." Id.

On August 24, 2012, Plaintiff produced reports for two testifying experts, Mr. Mikolenko and Ms. Parente. Mr. Mikolenko opines as to five approaches to identify materials covered by the Settlement Agreement in dispute. He also opines as to one of these approaches (price differential) that 6 months is a "reasonable time frame within which to measure price differentials." He does not opine as to a damages calculation in his report. Ms. Parente opines on a narrow accounting issue. In particular, she opines that Defendant's inventory accounting practices reflect that it is taking "the position that inventory items begin to lose value after 12 months and are sold for less than the prime market price and also that after 18 months the market value of inventory items can only be sold for

-2-

scrap value." Although Ms. Parente does not opine on the amount of damages in her report, she indicates that she has "also been asked to calculate damages based on parameters provided by Bill Mikolenko and counsel for [Plaintiff]" and might be asked to provide the results of such calculations at trial. However, she makes her position clear that such calculations are "not a matter of expert opinion."

After the close of fact discovery and its expert disclosures, Plaintiff supplemented its response to Defendant's damages interrogatory. (Document No. 135-11). Plaintiff disclosed that its damages (lost commissions) due to Defendant's alleged breach of the Settlement Agreement amount to over $36 million. Id. at p. 3. A second supplemental response later increased the damages figure to over $40 million.

**Discussion**

Initially, as to the Motion to Exclude Evidence brought pursuant to Fed. R. Civ. P. 37(c)(1), Defendant has simply not shown any discovery violation or other failure to disclose which would warrant the extreme sanction of precluding Plaintiff from presenting any evidence at trial relating to its damages calculation. See Esposito v. Home Depot, 590 F.3d 72, 77 (1st Cir. 2009)(holding that a "more robust" reason, such as ignoring pre-sanction warnings from the court, is necessary to justify a discovery sanction such as evidence preclusion which can effectively carry the force of dismissal). Plaintiff has disclosed two experts to support its claimed damages theory and has not disclosed any experts to testify as to its damages calculation. While the parties dispute whether or not Plaintiff's damages calculation must be the subject of expert testimony, that dispute goes to the

admissibility of evidence and is not of itself a failure to disclose warranting a preclusion sanction under Fed. R. Civ. P. 37(c)(1).

Defendant's Motions to Compel both assert that Plaintiff has wrongfully withheld discoverable documents related to the opinions of Mr. Mikolenko and Ms. Parente - the testifying experts. First, as to Ms. Parente, she has been disclosed as an expert solely on a narrow inventory accounting issue. She has not been disclosed as a testifying expert on any other issue and, although she indicated in her expert report that she "might" be asked to testify as to damages calculations at trial, Plaintiff's counsel made clear at the January 11, 2013 hearing that "Ms. Parente is not offering any opinion on damages" and that Plaintiff has not yet determined who may be called at trial to testify to facts regarding its damages. (Document No. 168 at pp. 35 and 43). In her expert report, Ms. Parente clearly discloses her expert opinion on the inventory accounting issue and the bases for such opinion. She was deposed by Defendant and thoroughly examined regarding her accounting opinion and Defendant has not shown that any discoverable documents regarding that narrow opinion have been wrongfully withheld by Plaintiff. The elephant in the room is whether Judge McConnell would, if Ms. Parente was called by Plaintiff at trial to testify as to the amount of its claimed damages, either permit her to testify as a fact witness as to the calculation of damages or preclude her as an undisclosed testifying expert. That important issue is simply beyond the reasonable scope of this limited motion to compel production of withheld documents and is more properly the subject of a pretrial motion in limine to the trial judge which directly addresses the issue.

Second, as to Mr. Mikolenko, Plaintiff asserts that it has produced all documents regarding his opinion that are discoverable under Fed. R. Civ. P. 26(b). In particular, it represents that it has produced all documents identifying facts or data considered by Mr. Mikolenko in forming his opinions. In his report, Mr. Mikolenko indicates that his opinions are based on his experience, etc., as well as the review of documents and information "including" five enumerated sources. Under Fed. R. Civ. P. 26(a)(2)(B)(i),(ii), a testifying expert's report "must contain" the basis and reasons for the expert's opinions and "the facts or data considered by the witness in forming them." The Rule does not allow for selective disclosure, and the use of word "including" by Mr. Mikolenko in his expert report, as well as his lack of recollection on certain topics at his deposition including on one occasion what he was told by Ms. Parente (Mikolenko Deposition Transcript at p. 35), creates some ambiguity as to whether all documents and information considered by Mr. Mikolenko have been disclosed. Further, although Mr. Mikolenko discloses in his report that he considered Ms. Parente's expert report, he does not indicate that he considered any other documents or information from Ms. Parente or her firm. However, in her deposition, Ms. Parente testified that she performed "data analysis to assist another expert, plastics expert, Bill Mikolenko, in identifying what data [Plaintiff] had, or what data they didn't have, how it could be analyzed, and how it could be sorted." Parente Deposition Transcript at pp. 50-51. The extent of this "assistance" is not clear from Mr. Mikolenko's report and deposition testimony. If not already produced, Plaintiff shall, within 10 days, produce to Defendant any documents containing data, analysis or other information from Ms. Parente which was directly or indirectly (through counsel or the client) provided to Mr. Mikolenko and considered by him in forming his expert opinions. If any such documents are produced,

Defendant's counsel may examine Mr. Mikolenko about them and the extent of his communications with Ms. Parente at the reconvened deposition regarding his errata sheet.

### Conclusion

For the foregoing reasons, Defendant's Motion to Exclude Evidence (Document No. 135) is DENIED; Motion to Compel Production of Withheld Documents Relating to Mr. Mikolenko (Document No. 149) is GRANTED in part as specified herein and otherwise DENIED; and Motion to Compel Withheld Documents as to Ms. Parente (Document No. 152) is DENIED.


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
February 1, 2013